IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SUSAN KAY MONTGOMERY,            )
                                 )
            Plaintiff,            )
                                 )
    v.                           )    Case No. 09-2121-JWL
                                 )
MICHAEL J. ASTRUE, Commissioner  )
 of Social Security,             )
                                 )
            Defendant.            )

**MEMORANDUM AND ORDER**

This matter comes before the court on plaintiff's written objections to the Report and Recommendation (Doc. 15) issued on April 20, 2010 by the Hon. Gerald B. Cohn, Magistrate Judge, which recommended that Defendant's decision denying Plaintiff Social Security disability insurance benefits be reversed and remanded for further proceedings. In her objections (Doc. 16), Plaintiff asks this court to exercise its discretion to remand the matter for an immediate award of benefits instead of for further proceedings. For the reasons stated herein, the Report and Recommendation is adopted, and the decision by the Commissioner is reversed and remanded for further proceedings.

**BACKGROUND**

Starting in December 2005, Plaintiff applied for and was twice denied disability insurance benefits. She sought a review of the decision denying her benefits and

1

appeared with counsel before an Administrative Law Judge (ALJ) on June 2, 2008. The ALJ's decision, issued the next month, concluded that despite severe impairments to Plaintiff's left leg and ankle, Plaintiff was not disabled within the meaning of the Social Security Act because she had the residual functional capacity to perform a range of light work and was able to perform her past relevant work.

Plaintiff sought administrative review of the ALJ's decision with the Appeals Council, but the council denied Plaintiff's request to review the decision and it thus became Defendant's final decision. Plaintiff then sought judicial review of the decision in the United States District Court. The Magistrate Judge concluded in a Report and Recommendation that Defendant's decision should be reversed and remanded for further proceedings because the ALJ who heard Plaintiff's case erred in evaluating and weighing medical opinions (*See* Doc. 15).

The deficiencies in the ALJ's decision, as identified by the Magistrate Judge's Report and Recommendation, include that it (a) did not resolve an ambiguity in the record about whether a "consultant" who assessed Plaintiff's residual functional capacity was a medical source, whose opinion was entitled to weight, or a lay person whose opinion was entitled to no weight; (b) did not specify what weight the ALJ was granting to the opinion of Gerald Siemsen, M.D., who reviewed and affirmed the medical consultant's report; (c) failed to provide adequate explanation for discounting the opinion of Dr. Coy, Plaintiff's pain-management doctor; (d) did not adequately discuss the input from a VA physician who noted in a file that he filled out a MetLife disability form for Plaintiff and that

Plaintiff could not walk or stand continuously for more than one hour but "can work in a sit down job" ; (e) failed to discuss any of the regulatory factors required in Social Security cases for weighing medical opinions; and (f) failed to acknowledge or discuss a previously issued Social Security Ruling that provides specific guidance for evaluating disability claims based on Reflex Sympathetic Dystrophy Syndrome, with which Plaintiff was diagnosed in 2006.

The Report and Recommendation instructed the ALJ to determine, on remand, whether the opinion by the "medical consultant" was truly a medical opinion entitled to weight, and to then fully consider the competing medical opinions and the written guidance from the Social Security Administration.

Plaintiff, in her objection to the Report and Recommendation, argues that the facts clearly establish that Plaintiff is entitled to an award of benefits and that the case therefore should be remanded for an immediate award of benefits instead of for further proceedings (*See* Doc. 16).

## **STANDARD OF REVIEW**

This court reviews de novo the portions of the Magistrate Judge's Report and Recommendation to which a written objection has been made. D. Kan. Rule 72.1.4(b); Fed. R. Civ. P. 72(b). Portions of the Report and Recommendation to which neither party objects are deemed admitted, and failure to object constitutes a waiver of any right to appeal. *See, e.g., Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1114 (10th Cir.

2004).   This court may, in its discretion, accept, reject, or modify the Magistrate Judge's disposition. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

When deciding whether to grant a Social Security plaintiff's request for an immediate award of benefits, the court considers factors including the length of time the matter has been pending and whether, given the available evidence, "remand for additional fact-finding would serve [any] useful purpose but would merely delay the receipt of benefits." *Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006) (alteration in original).  The court should direct an award of benefits only when the administrative record has been fully developed and when substantial and uncontradicted evidence, on the record as a whole, indicates that the claimant is disabled and is entitled to benefits. *Gilliland v. Heckler*, 786 F.2d 178, 184, 185 (3d Cir. 1986); *see, e.g., Romero v. Astrue*, 2009 WL 3190460 at *12 (D. Kan. Sept. 30, 2009).  Defendant must take note, however, that it is not entitled to adjudicate a case *ad infinitum* until it applies the proper legal standard and gathers evidence to support its conclusion. *Sisco v. U.S. Dep't of Health & Human Svcs.*, 10 F.3d 739, 746 (10th Cir. 1993).

## **DISCUSSION**

Plaintiff has objected to only one portion of the Report and Recommendation:  the Magistrate Judge's decision to remand the case for further proceedings instead of directing an immediate award of benefits.  Plaintiff states that based on the record as a whole, there is no real dispute as to whether Plaintiff is disabled within the meaning of the Social Security Act.  In support of this argument, Plaintiff points to documents that

4

imply that a non-medical source prepared the report of Plaintiff's residual functional capacity to perform jobs despite her physical limitations. Plaintiff seems to suggest that, if it is conclusively established that this source was not a medical professional, she is undisputedly entitled to disability benefits.

This argument, however, fails to acknowledge other reasons the Magistrate Judge articulated for reversing and remanding the ALJ's decision.

First, the ALJ failed to discuss any of the regulatory factors for weighing medical opinions or explain how they affected the weight in this matter. It was unclear what weight, if any, the ALJ gave to the input of Dr. Gerald Siemsen, who apparently reviewed and confirmed a disability assessment conducted by the disputed "medical consultant." The ALJ's decision in this matter did not mention Dr. Siemsen's input and instead cited only to the original, disputed, disability assessment. Similarly, the ALJ's decision did not set forth sufficient reasons for discounting Dr. Coy's opinions and failed to adequately discuss the VA physician's June 5, 2006 treatment note. The Report and Recommendation directs that the ALJ determine, on remand, whether the opinion on which it previously relied actually is a medical opinion and, if so, to weigh the competing medical opinions and determine whether they outweigh the opinion of Dr. Coy.

In addition, the ALJ did not consider or discuss SSR 03-2p, a Social Security Ruling promulgated by the Commissioner for evaluating Reflex Sympathetic Dystrophy Syndrome. The Report and Recommendation calls for the ALJ to consult this Ruling and evaluate the record with the Ruling in mind.

This court notes that Plaintiff's claim for Social Security benefits has been pending for nearly five years, a lengthy amount of time that weighs in favor of entering an immediate award of benefits. Additionally, it appears from the record that the ALJ's decision in this matter was inadequate in several respects.

Nevertheless, the uncertainty as to the weight that should be afforded the input of Dr. Gerald Siemsen and the VA physician, combined with the other deficiencies in the record, dictate that this is not one of the rare cases in which the District Court may substitute its judgment for that of the ALJ and enter an order awarding immediate benefits without the need to weigh evidence.

IT IS THEREFORE ORDERED BY THE COURT THAT the Magistrate's Report & Recommendation (Doc. 15) is adopted, and that the Commissioner's decision is reversed. Judgment is entered in accordance with fourth sentence of 42 U.S.C. § 405(g) remanding the case for further proceedings consistent with this opinion.

IT IS SO ORDERED.

Dated this 24th day of June, 2010, in Kansas City, Kansas.

s/ John W. Lungstrum  
John W. Lungstrum  
United States District Judge